# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BEVERLY WOLFE, et al.,** ) | |
| ) | |
| **Plaintiffs** ) | |
| ) | |
| v. ) | CASE NO. 2:13-cv-00621-KOB |
| ) | |
| **SCI ALABAMA FUNERAL** ) | |
| **SERVICES, LLC, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

This case is before the court upon the magistrate judge's report and recommendation. (Doc. 20). The magistrate judge filed his report and recommendation on October 16, 2013 and recommended that this court grant the defendant's motion to dismiss, (doc. 8), for lack of subject-matter jurisdiction. After determining that the court lacks subject-matter jurisdiction to hear the case, the magistrate judge also recommended that this court deem Liberty National Life Insurance Company's "Motion for Leave to Appear for the Limited Purpose of Seeking Disqualification of Lightfoot Franklin & White LLC," (doc. 18), moot.

Both the plaintiff and Liberty National filed timely objections to the report and recommendation. (Docs. 21–23). After careful consideration of the record, the report and recommendation, and all the objections filed by the plaintiffs and Liberty National, the court will ADOPT the report of the magistrate judge and ACCEPT his recommendations. Accordingly, for the following reasons, the court will DISMISS the case and DEEM Liberty National's motion for leave to appear MOOT.

1

The plaintiffs state four objections to the magistrate judge's report and recommendations. First, the plaintiffs claim that the retained jurisdiction provision of Judge Hancock's January 6, 1978 Final Judgment Order in *Battle v. Liberty National Life Insurance Co.*, Case No. 2:70-cv-00752-RDP,[1] provides an adequate basis for subject matter jurisdiction in this case. Second, the plaintiffs argue that the retained jurisdiction provision is still active, despite Judge Johnson's March 8, 1999 order closing *Battle*. Third, the plaintiffs object to the magistrate judge's determination that the plaintiffs were not entitled to jurisdictional discovery. Finally, the plaintiffs challenge the magistrate judge's determination that Liberty National's motion for leave to appear is moot.

This court finds that the retained jurisdiction provision of the 1978 Final Judgment Order is not a sufficient basis for subject-matter jurisdiction in this case. In his 1978 Final Judgment Order, Judge Hancock specifically reserved jurisdiction in the *Battle* case "for the purpose of enabling any of the parties to this action to apply to the Court at any time for further orders and directions as may be necessary or appropriate for the construction or implementation of the terms of this Final Judgment." (*Battle v. Liberty Nat'l Life Ins. Co.*, Case No 2:70-cv-00752-RDP, doc. 1, at ¶ XXXIII).

While the plain language of the retained jurisdiction provision gives "any of the parties" the ability to petition the federal court "at any time," it also gives judges discretion to determine when "it may be necessary or appropriate" to invoke such jurisdiction. Thus, even if all parties

---

[1] Although Judge Hancock entered the 1978 Final Order, the *Battle* case was subsequently reassigned to Judge Sharon L. Blackburn on November 24, 1993; Judge C. L. Smith Jr. on January 31, 1996; Judge Inge P. Johnson on October 20, 1998; Judge Madeline Hughes Haikala on December 4, 2013; and Judge R. David Proctor on December 16, 2013.

agree that a case properly comes under a retained jurisdiction provision, federal courts are still under an "'obligat[ion] to inquire[] into subject matter jurisdiction *sua sponte* whenever it may be lacking.'" *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (quoting *Univ. of S. Ala. v. American Tobacco Co.*, 168 F.3d 405 (11th Cir. 1999)).

After being assigned the *Battle* case in 1998, (doc. 66), Judge Inge P. Johnson explored the scope of this retained jurisdiction provision in four cases against SCI Alabama Funeral Services that are very similar to the case at bar. In the first of these cases, *Middlebrooks et al. v. SCI Funeral Service*, Case No. 2:97-cv-1321-IPJ, the plaintiffs alleged that SCI had concealed the fact that selecting a casket other than the one provided by Brown Service would result in a higher charge to the policyholders. After determining that the facts of the case presented "no attempt to relitigate the 1978 Final Judgment," (*Battle*, doc. 81, at 29), Judge Johnson determined that the action did not come under the retained jurisdiction in the *Battle* case:

> [T]his court finds that the plaintiff[s'] actions are all based on claims of not having obtained that to which they are entitled under the 1978 Final Judgment and the burial policies. Either the plaintiff's claims are supported by the Liberty National burial policies as modified by the 1978 Final Judgment, or they are not. In either case, no need to modify, interpret or construct the Final Judgment exists.

(*Id.*). Ultimately, even though the case against SCI implicated the Final Judgment, Judge Johnson still found the case did not come under the retained jurisdiction provision because the case did not require modifying the Final Judgment and the Final Judgment order was clear enough to resolve the issues in the case without further interpretation.

Judge Johnson applied the same reasoning to two other cases with facts even closer to the those at issue here. In both *Williams, et al. v. SCI, et al.*, Case No. 2:97-cv-01910-IPJ, and *Thrash, et al. v. SCI Funeral Service, Inc.*, Case No. 2:97-cv-01911-IPJ, the plaintiffs alleged

that SCI Alabama Funeral Services had improperly charged the plaintiffs for a service clearly provided under the 1978 Final Judgment and the Funeral Director Contract adopted to carry out the 1978 Final Judgment. Despite the fact that the allegations would almost certainly require examining the 1978 Final Judgment and Funeral Director Contract, Judge Johnson found the court lacked subject-matter jurisdiction under the retained jurisdiction provision because she could find " no attempt by the plaintiff classes to 'unravel' the 1978 Judgment, but rather to enforce it." (*Battle*, doc. 81, at 34).

Like those previous cases[2] against SCI Alabama Funeral Services, the plaintiffs here are simply trying to enforce the 1978 Final Judgment against SCI Alabama Funeral Services. Determining whether SCI improperly charged the $495 administrative fee to Brown Service/Liberty National burial insurance policyholders does not require modifying or providing further clarification of the Final Judgment. Judge Johnson has already provided enough clarity on what services are part of the "straight policy funeral" promised to policyholders under the Final Judgment. (*See Battle*, doc. 81, at 12–13). Thus, the current case against SCI truly becomes one of merely enforcing the existing judgment. The plaintiffs' attempts to distinguish their case from those dismissed by Judge Johnson are unpersuasive.

The court finds no special reason why the arbitration provision included in SCI's contract imposing the administrative fee would need to be challenged in federal court. To the extent SCI

---

[2] The fourth case Judge Johnson remanded is *Elkins et al., v. SCI Alabama Funeral Home, et al.*, Case No. 5:96-cv-02529-IPJ. Beyond the fact that the plaintiffs alleged state law claims of fraud and fraudulent suppression against the SCI Alabama Funeral Homes, the facts of that case are not clear from Judge Johnson's opinion. In her opinion, Judge Johnson indicates the issue of removal is "essentially identical" to the one discussed in *Middlebrooks*, which is why it did not merit a separate discussion here. (*Battle*, doc. 81, at 32 n. 24).

Alabama Funeral Services is in violation of the 1978 final judgment in *Battl*e, the plaintiffs must make their claims—if at all—in state, not federal, court.

Even if this case did come within the scope of the retained jurisdiction provision, however, the court would still dismiss for lack of subject-matter jurisdiction because Judge Hancock's retained jurisdiction provision is no longer active. In her March 8, 1999 order, Judge Johnson clearly closed the *Battle* case after "finding that no further action [wa]s required by this court concerning the 1978 Final Judgment." (*Battle*, doc. 82). Her specific reference to Judge Hancock's 1978 Final Judgment in the order to close the *Battle* case demonstrates that she did more than administratively close *Battle*. Indeed, immediately after determining that no further court action was required to effectuate the 1978 judgment, Judge Johnson dismissed two other pending motions for consolidation. (*Id.*).

This court agrees with Judge Johnson's conclusion that the 1978 Final Judgment requires no further action by this court because no need to further "modify, interpret, or construct" exists. (*Battle*, doc. 81, at 29). As a result, even if this case properly came within the scope of the retained jurisdiction provision, this court would still lack subject-matter jurisdiction because the retained jurisdiction provision is no longer in force and the *Battle* case is completely closed.

The court also readily agrees with the magistrate judge's recommendation to dismiss this action despite the plaintiffs' plea for discovery on jurisdictional matters. Plaintiffs have never presented the court with any issue of fact that would merit jurisdictional discovery, despite numerous opportunities to do so. If the plaintiffs themselves cannot explain how jurisdictional discovery would aid the court in its determination of its jurisdiction, this court is not inclined to delay its decision.

Finally, having determined no subject-matter jurisdiction exists in this case, the court must treat as moot Liberty National's motion for leave to appear. None of the cases Liberty National cites suggests a court without subject-matter jurisdiction has authority to disqualify a law firm. Thus, even if Liberty National's grounds for disqualifying Lightfoot Franklin & White are sound, this court is powerless to act without jurisdiction. *See Smith v. GTE-Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). As with all other claims in this case, the parties must address the merits—if at all—in state, not federal, court.

Having carefully considered the record, the magistrate judge's report and recommendation, and the parties' objections, the court will ADOPT the report of the magistrate judge and ACCEPT his recommendations. In accordance with the recommendation, the court will GRANT the defendants' motion to dismiss, (doc. 8), and DEEM Liberty National's motion for leave to appear MOOT (doc. 18).

DONE and ORDERED this the 24th day of February, 2014

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE